

# IN THE
# TENTH COURT OF APPEALS

### No. 10-21-00124-CR

**JOHNNY RAY CUPP,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 440th District Court
### Coryell County, Texas
### Trial Court No. 20-26029

## MEMORANDUM OPINION

Johnny Ray Cupp pled guilty to and was convicted of aggravated assault on a public servant with a deadly weapon. *See* TEX. PENAL CODE § 22.02(b)(2)(B). He was sentenced to 7 years in prison. We affirm the trial court's judgment as modified.

Cupp's appointed counsel filed a motion to withdraw and an *Anders* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's brief evidences a professional evaluation of the record for error and compliance

with the other duties of appointed counsel. We conclude that counsel has performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); s*ee also Kelly v. State*, 436 S.W.3d 313, 319-320 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders v. California*, 386 U.S. at 744; *see Penson v. Ohio*, 488 U.S. 75, 80 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10 (1988). After a review of the entire record in this appeal, we have determined the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

We note, however, that a $15.00 time-payment fee was included in the costs assessed in the judgment of conviction.[1] Pursuant to the Court of Criminal Appeals' opinion in *Dulin v. State*, 620 S.W.3d 129, 134 (Tex. Crim. App. 2021), the assessment of a time-payment fee in this case was premature. Based on our recent comprehensive review of *Anders* procedures, we have held that an appellate court can properly modify a judgment in an *Anders* appeal if the modification is to correct nonreversible error, that is, error that does not affect the judgment of guilt or the punishment. *See Cummins v. State*, No. 10-21-00303-CR, ___ S.W.3d ___, 2022 Tex. App. LEXIS ____, at *___ (Tex. App.—

---

[1] The bill of cost, which was attached to the judgment, specifically includes the time-payment fee in the balance of the costs owed.

Waco May 11, 2022, no pet. h.) (publish). Because this error does not impact the determination of guilt or punishment and, therefore, does not result in a reversal of the judgment, we have the authority to modify the judgment to correct the erroneous assessment of the time-payment fee. *Id.*; *See also Dulin v. State*, 620 S.W.3d 129 (Tex. Crim. App. 2021).[2] Accordingly, the Judgment of Conviction by Court—Waiver of Jury Trial is modified to delete the assessed $15.00 time-payment fee included as court costs, and we affirm the judgment as modified.

Counsel's motion to withdraw from representation of Cupp is granted.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Johnson, and
    Justice Smith
Affirmed
Opinion delivered May 11, 2022
Do not publish
[CR25]



---

[2] We also modify the bill of cost by striking the assessed time-payment fee. *See e.g., Bryant v. State*, No. 10-18-00352-CR, 2021 Tex. App. LEXIS 6000, at *3 (Tex. App.—Waco July 28, 2021, no pet. h.) (publish).